CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS SEAN HODGE,<br>　　Plaintiff,<br><br>v.<br><br>E. EARHART,<br>　　Defendant. | Civil Action No. 7:24-cv-00102<br><br>By: Elizabeth K. Dillon<br>　　Chief United States District Judge |

**MEMORANDUM OPINION**

Demetrius Sean Hodge, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Defendant E. Earhart moves to dismiss for failure to state a claim. (Dkt. No. 14), and Hodge has responded (Dkt. No. 17). For the reasons stated below, Earhart's motion will be granted.

I. BACKGROUND

Hodge alleges that his constitutional rights were violated while he was detained at the River North Correctional Center in Independence, Virginia. (Compl., Dkt. No. 1.) He claims that his placement in River North's "Protective Custody" pod was approved defendant Earhart, the Chief of Housing. On December 19, 2023, Hodge was attacked and stabbed in his cell by gang members, and he alleges that Earhart "neglected to do his job," causing the attack. (Compl. 2.) Hodge seeks monetary damages for physical and emotional damage.

Earhart asserts that Hodge's complaint fails to state an Eighth Amendment claim for failure to protect. He also moves to dismiss based upon Hodge's failure to exhaust his administrative remedies. Indeed, Hodge admits in his complaint that he did not file any grievances regarding the incident prior to the time of filing of the complaint, but he notes that he "didn't know the proper procedure in something like this, all I did was write the Warden after

this happ[ened] so I could get transferred." (*Id.* at 1.) Later, in response to the motion to dismiss, Hodge filed with the court a Regular Grievance that he signed on March 18, 2024. (Dkt. No. 17.)

## II.  ANALYSIS

### A.  Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *See, e.g. Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### B.  Eighth Amendment[1]

Hodge has alleged that Earhart failed to protect him from being assaulted. The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands

---

[1] Earhart argues that Hodge's complaint should be dismissed based on failure to exhaust because Hodge pleads that he did file a grievance. However, Hodge's allegation that he failed to do so because he did not know the proper procedure creates an issue of fact as to whether the grievance procedure was available to Hodge.

2

of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Nevertheless, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Id.* at 834. Only a "conscious disregard for intolerable risks" can form the basis of a successful failure to protect claim. *See Fishburne v. SC Dep't of Corr.*, C/A No. 8:23-cv-5469-TMC-WSB, 2025 WL 581890, at *8 (D.S.C. Jan. 17, 2025) (citing *Farmer*, 511 U.S. at 837). A prison official cannot be liable unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[G]eneral knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837).

Taking Hodge's allegations as true and drawing all reasonable inferences in his favor, Hodge has not plausibly alleged any facts that would allow the court to conclude that the unnamed inmates who assaulted Hodge posed a serious risk to Hodge or that Earhart consciously disregarded that risk. The general risk of assault in prison, by itself, is not enough to establish a serious risk of harm. *See, e.g.*, *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) (noting that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more"). Hodge only alleges that Earhart approved the decision to place Hodge in the protective custody pod. This sparse allegation is not enough to satisfy the deliberate indifference standard. *See Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014) (explaining that deliberate indifference is a "very high standard").

For these reasons, the court will grant defendant's motion to dismiss.

III.  CONCLUSION

The court will grant the motion to dismiss in an appropriate order.

Entered: March 28, 2025

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge